IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HORACE BARNES, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | |
| ) | No. 01-3202-KHV |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Horace Barnes, an inmate at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth), brings suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, alleging malpractice by prison medical staff. On September 27, 2004, the Court sustained the government's motion to dismiss and/or for summary judgment. Plaintiff appealed. The Tenth Circuit partially vacated this Court's order, remanding the limited issue whether the Court should excuse plaintiff's failure to submit admissible evidence in support of his claim. See Order And Judgment (Doc. #96) filed August 25, 2005. For reasons stated below, the Court declines to excuse plaintiff's failure to submit admissible evidence in response to defendant's motion for summary judgment and directs entry of judgment in favor of defendant.

## Factual Background

The Court incorporates the factual background from its Memorandum And Order (Doc. #81) filed September 27, 2004. Highly summarized, the following facts are uncontroverted, deemed admitted or, where disputed, viewed in the light most favorable to plaintiff.

Approximately 15 times between August 15, 1997 and May 21, 1998, USP-Leavenworth treated plaintiff for a rash and skin irritation on his penis. On December 28, 1998, plaintiff complained of skin

irritation on his inner thigh, scrotum and penis. H. Al-Ruballe, a physician assistant, diagnosed plaintiff with jock itch and prescribed Tolnaftate. On January 27, 1999, plaintiff complained of a penis infection. Al-Ruballe diagnosed plaintiff with condylomata acuminata (genital warts) and treated him with medication from an unlabeled bottle. See Plaintiff's Objection To Defendant's Memorandum In Support Of Defendant's Motion To Dismiss Or Alternatively, Motion For Summary Judgment (Doc. #27) filed October 28, 2002 at 28.[1] Al-Ruballe stated that the bottle contained the prescription drug Podofilox. See id. The next day, on January 28, 1999, plaintiff complained of swelling and soreness in the affected area. Al-Ruballe examined plaintiff that day and discontinued the Podofilox. Al-Ruballe and Phillip Hill, M.D. (the clinical director at USP-Leavenworth) prescribed Sulfameth/Trimeth and Clotrimazole. Plaintiff's adverse reaction "quickly resolved itself because he was never again given a Podojilox [sic] treatment from an unlabelled bottle." Id. at 28.

On May 22, 2000, plaintiff filed an administrative tort claim with the Bureau of Prisons. See Exhibit A-2 to Defendant's Memorandum (Doc. #20). Plaintiff alleged that on January 27, 1999, Al-Ruballe improperly treated his condition by prescribing Podofilox and that as a result, he had painful swelling and burning under his scrotum the next day. See id. Plaintiff alleged that on January 28, 1999, Al-Ruballe and Dr. Hill prescribed Sulfameth/Trimeth and Clotrimazole. See id. Plaintiff also alleged that

---

[1] The statements in plaintiff's opposition memorandum (Doc. #27) were not sworn under penalty of perjury. Accordingly, the Court excluded them. See Memorandum And Order (Doc. #81) at 3 n.2; D. Kan. Rule 56.1(d). In an effort to understand plaintiff's claims, however, the Court set forth plaintiff's unverified statements. The Court notes that before plaintiff's unsworn opposition to defendant's motion for summary judgment, plaintiff had never asserted that Al-Ruballe treated him with medication from an unlabeled bottle. Because that assertion is unsworn, it cannot create any genuine issue of material fact for trial.

Dr. Hill and Karen Todd, a physician assistant, provided false information during the inmate grievance procedure. See id. Plaintiff sought $100,000.00 in damages. See id.

On October 19, 2000, the Bureau of Prisons denied plaintiff's claim. On May 21, 2001, plaintiff filed a complaint, alleging that (1) during several examinations from 1997 through 1999, the medical staff negligently diagnosed him with condylomata acuminata; (2) on several occasions from 1997 through 1999, medical staff negligently prescribed anti-itching and foot creams to treat plaintiff's condition; (3) on January 27, 1999, Al-Ruballe negligently treated plaintiff; and (4) on January 28, 1999, Al-Ruballe and Dr. Hill negligently prescribed Clotrimazole.

Plaintiff's complaint named seven individual defendants and sought damages under Bivens v. Six Unknown Named Agents of Fed. Bur. of Naroctics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2675. On July 19, 1999, the Honorable G. T. VanBebber dismissed the Bivens claim because plaintiff alleged only that defendants negligently provided medical care. See Order (Doc. #5) at 1-2. Judge VanBebber noted that plaintiff had exhausted administrative remedies on his FTCA claim, but that the United States of America would be substituted as the sole defendant. See id. at 2.

On September 27, 2004, the Court sustained the government's motion to dismiss and/or for summary judgment. The Court held that (1) except for his allegations that medical staff provided negligent care between January 26 and January 28, 1999, plaintiff did not exhaust administrative remedies by filing an administrative tort claim and (2) as to plaintiff's remaining claims for negligent treatment between January 26 and January 28, 1999, plaintiff did not provide sufficient evidence for a reasonable jury to find in his favor.

On appeal, the Tenth Circuit vacated the Court's order as to plaintiff's claim that on January 27, 1999, Al-Ruballe negligently treated him with medication from an unlabeled bottle which Al-Ruballe stated was the prescription drug Podofilox. The Tenth Circuit otherwise affirmed.

## **Analysis**

Plaintiff's remaining claim is that on January 27, 1999, Al-Ruballe negligently treated him with medication from an unlabeled bottle which Al-Ruballe stated contained the prescription drug Podofilox.[2] In its motion for summary judgment, defendant argued that it was entitled to summary judgment because plaintiff had not produced evidence of (1) the standard of care, (2) any breach of the standard of care or (3) injuries resulting from any such breach. The Court sustained defendant's motion for summary judgment, holding that (1) plaintiff's unsworn statements that Al-Ruballe breached the standard of care and that plaintiff suffered injuries were insufficient to withstand a motion for summary judgment and (2) even if the statements were verified, no reasonable jury could find that plaintiff was injured because the bottle was not labeled. As to the first point, the Tenth Circuit held that it could not determine whether this Court intended to excuse plaintiff's failure to present admissible evidence by also addressing the merits of plaintiff's claim. As to the second point, the Tenth Circuit held that if plaintiff had submitted a verified statement that he suffered an adverse reaction to the medicine in the unlabeled bottle, a reasonable jury could have concluded

---

[2]  Plaintiff's verified complaint alleged that on January 27, 1999, Al-Ruballe treated him with Podofilox but that on January 28, 1999, Al-Ruballe told plaintiff that he had treated him with tetracyclene. See Civil Rights Complaint (Doc. #1) filed May 21, 2001 at 5-6; see also administrative tort claim filed May 18, 2000 (alleging that Al-Ruballe treated plaintiff with Podofilox), Exhibit 33 to Civil Rights Complaint (Doc. #1). In his complaint and administrative claim, plaintiff did not allege that Al-Ruballe treated him with medication from an unlabeled bottle. Plaintiff first alleged that fact in his unverified response to defendant's motion for summary judgment (Doc. #27).

that Al-Ruballe's negligence caused plaintiff's injury. The Tenth Circuit remanded for this Court to determine whether it should excuse plaintiff's failure to present a verified statement in support of his allegations.

As noted in the Court's prior order, plaintiff's unsworn statement is insufficient to withstand a motion for summary judgment. See Memorandum And Order (Doc. #81) at 15 (citing D. Kan. Rule 56.1 and Fed. R. Civ. P. 56(e)). In the factual background, the Court explained that because the statements in plaintiff's opposition memorandum (Doc. #27) were not sworn under penalty of perjury, the Court would exclude them. See id. at 3 n.2 (citing D. Kan. Rule 56.1(d) (all facts on which opposition is based shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories and responses to requests for admissions). The Court noted that "[i]n an effort to understand plaintiff's claims, however, the Court has set forth plaintiff's unverified statements." Id. In proceeding to analyze the merits of plaintiff's claim, the Court did not intend to excuse plaintiff's failure to submit admissible evidence in support of his claim. As the Tenth Circuit noted, the Court's legal conclusion as to plaintiff's claim was based on the "heuristic" assumption that plaintiff could produce an admissible statement of his factual allegations. Order And Judgment (Doc. #96) at 10. In addition, as the Tenth Circuit also noted, plaintiff did not submit a sworn statement in support of his motion for reconsideration. Id. at 9-10. In sum, plaintiff's unsworn statements are insufficient to withstand defendant's motion for summary judgment on plaintiff's claim that on January 27, 1999, Al-Ruballe negligently treated him with medication from an unlabeled bottle.[3] Nothing in the record suggests any

---

[3] The Tenth Circuit noted that "the district court's order suggests an inclination to overlook (continued...)

reason why the Court should overlook or excuse this deficiency in plaintiff's evidence.

**IT IS THEREFORE ORDERED** that defendant is entitled to summary judgment on plaintiff's claim that on January 27, 1999, Al-Ruballe negligently treated him with medication from an unlabeled bottle. The Clerk is directed to enter judgment in favor of defendant.

Dated this 3rd day of October, 2005, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3](...continued)
formal defects for purposes of summary judgment." Order And Judgment (Doc. #96) at 10. That statement was based on this Court's observation that although plaintiff did not properly authenticate the letters which he submitted from Bayer Corporation ("Bayer") and the Food and Drug Administration ("FDA"), plaintiff could likely obtain such authentication before trial. Id.; Memorandum And Order (Doc. #81) at 16. The Court assumed that because the letters appeared to be on official letterhead from Bayer and the FDA, the individuals who sent the letters could likely authenticate them. Plaintiff's failure to authenticate and verify his own statements is a much more critical defect that goes to the heart of plaintiff's claim.

The Tenth Circuit held that if plaintiff had submitted admissible evidence to support his allegations that (1) Al-Ruballe gave plaintiff a prescription from an unlabeled bottle and (2) plaintiff had taken Podofilox in the past with no adverse reaction, a reasonable jury could find in favor of plaintiff. Plaintiff submitted a verified complaint under penalty of perjury and several affidavits, but in opposition to defendant's motion for summary judgment and in support of his motion for reconsideration, he chose not to submit a verified statement in support of these two critical facts. See Complaint (Doc. #1); Affidavit [In Support Of Motion For Extension Of Time Under Fed. R. Civ. P. 56(e)] (Doc. #24) filed Oct. 18, 2002; Affidavit [In Support Of Additional Motion For Extension Of Time Under Fed. R. Civ. P. 56(e)] (Doc. #32) filed November 15, 2002; Affidavit [In Support Of Surreply] (Doc. #36) filed Dec. 9, 2002. Plaintiff's verified statements elsewhere in the record (including his complaint) do not support these two facts. Absent admissible evidence on these issues, no reasonable jury could find in plaintiff's favor on his claim that on January 27, 1999, Al-Ruballe negligently treated him with medication from an unlabeled bottle.